**IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**



FILED

00 JUN 20 AM II: 16

JAMES JOSEPH "JIMMY JOE"
GONZALEZ, et al.,

        Plaintiffs,

vs.                       No. CIV 00-696M/RLP

WYETH-AYERST LABORATORIES
DIVISION OF AMERICAN HOME
PRODUCTS CORPORATION, a
Delaware corporation, and JAMES
SALTZ, M.D., a physician practicing
in the State of New Mexico,

        Defendants.

## MEMORANDUM OPINION
## AND ORDER TO REMAND

    This case, removed from state court on the basis of diversity of citizenship, is one of

several actions in tort against pharmaceutical companies, drug distributors and physicians

alleging injuries from ingestion of prescription diet drugs Pondimin (fenfluramine) and Redux

(dexfenfluramine), taken either individually or in combination with the drug phentermine. These

drugs, commonly referred to as "fen/phen," have generated at least 1400 federal cases, most

transferred some time ago to the Judicial Panel on Multidistrict Litigation (MDL). See: Kohl v.

American Home Products Corp., 78 F. Supp.2d 885 (W.D.Ark.1999).

    The case comes up on Plaintiffs' Motion to Remand. Raising solely state claims, the case

was filed in November 1999, in a state court in Santa Fe. Removal did not occur until approxi-

mately six months later. Almost immediately thereafter, the case was tagged for possible transfer



to MDL, Defendants moved for a stay of all proceedings pending transfer, and Plaintiffs moved
to remand and for an expedited decision. I have already denied the motion to stay proceedings.
After six months of litigation, I see no reason to stop a case completely and leave pending
motions in abeyance, simply because the case is being considered for multidistrict consolidation.
Particularly when a case presents threshold issues of subject matter jurisdiction, as this one does,
I join the many district courts that prefer to decide motions for remand in the district of origin
prior to any transfer to MDL.

Plaintiffs' motion for an expedited decision has made no difference to my determination
of the case and requires no ruling. I have taken up the motion to remand as I considered appro-
priate and as the schedule of other cases has permitted. I find the issues thoroughly covered by
the considerable amount of materials and legal discussion submitted by the parties, and I do not
believe an expedited hearing or oral argument can add to what already has been presented. To the
contrary, I expect it would be repetitive. Thus, I see no need for hearing or oral argument and no
reason to delay consideration of the issues presented. Defendants' concern that an expedited
decision may leave too little time to consider all the issues is needless. I have thoroughly con-
sidered all of Defendants' arguments, and again, am confident neither added time nor additional
argument would contribute anything to a better understanding of the situation.

I note also that jurisdiction to entertain threshold questions is not an issue. Feichko v.
Denver & Rio Grande Western Railroad Co., No. 98-4154 (Decided May 31, 2000). The Tenth
Circuit Court of Appeals has recently held that a determination whether or not removal is barred
does not present a question of subject matter jurisdiction, and for purposes of deciding whether a
removal is proper, a defendant may "pierce the pleadings"of a lawsuit to demonstrate fraudulent

2

claims and a district court may consider the posture of the case at time of trial, as opposed to the time of filing. Id.at 6-8. Jurisdiction therefore not only exists at this point, but also permits examination of the entire record. Smoot v. Chicago, Rock Island and Pacific Railroad Company, 378 F.2d 879, 881 (10th Cir. 1967). Jurisdiction extends to a full scrutiny of the claims and parties to determine whether named defendants whose presence in the case eliminates complete diversity in citizenship are "real and substantial parties to the controversy." Navarro Savings Ass'n v. Lee, 446 U.S. 458, 461 (1980).

The Motion to Remand

A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the case. 28 U.S.C. sec.1441(a); Caterpillar Inc. v. Lewis, 519 U.S. 61 (1996). If the case raises no federal claims, original federal jurisdiction can be predicated only on a diversity of citizenship and an amount in controversy exceeding $75,000. 28 U.S.C. sec. 1332. Diversity in citizenship must be complete as between all Plaintiffs and all Defendants.

Absence of complete diversity is Plaintiffs' first ground for remand. All New Mexico residents, Plaintiffs name another New Mexico resident, Dr. James Saltz, as a defendant; and Plaintiffs contend his presence as a party precludes removal. Plaintiffs strongly deny Defendants' allegations they have abandoned or intend to abandon their claim against Dr. Saltz and insist the case against him is real and substantial.

Secondly, Plaintiffs argue that Defendants fail to provide any evidence that the amount in controversy exceeds $75,000. Plaintiffs contend all of Defendants' statements in this regard are "conclusional allegations," insufficient by any standard to establish an amount at issue. Plaintiffs argue that Defendants assume the amount in controversy exceeds $75,000 only because they

3

impermissibly aggregate damages, and further, that each of the Plaintiffs' claims individually must exceed $75,000.

Third, Plaintiffs argue removal comes too late. Removal is available only within the first 30 days after a case is filed. 28 U.S.C. sec.1446. Only where removability could not be ascertained from the original complaint is the 30-day deadline extended. When this occurs, removal must be accomplished within 30 days from the date a defendant receives a "paper" from which it can be determined the case is removable. 28 U.S.C. sec. 1446(b). Plaintiffs maintain there is no such "paper" in this case because there has been no change in their position and, contrary to what Defendants assert, Plaintiffs continue to pursue claims against Dr.Saltz.

Finally, Plaintiffs ask for attorneys' fees, contending that Defendants' Notice of Removal "reveals no plausible basis for claiming" federal jurisdiction. An award of fees pursuant to 28 U.S.C. sec. 1447(c), Plaintiffs argue, "does not require a showing that the removal was frivolous, vexatious, in bad faith or lacked an objectively reasonable basis as required for sanctions under Rule 11."

The Notice of Removal

Defendants are Wyeth-Ayerst Laboratories Division of American Home Products Corporation and American Home Products Corporation (AHP), Delaware corporations, and Dr. James Saltz, a physician who resides in New Mexico and is said to have prescribed the harmful drugs. Defendants remove pursuant to 28 U.S.C. sec. 1441 and 1446, claiming federal jurisdiction pursuant to 28 U.S.C. sec.1332 (diversity of citizenship).

To demonstrate an amount in controversy in excess of $75,000, Defendants recite Plaintiffs' individual allegations of physical injury and refer to other "fen/phen" cases and

4

settlement amounts. Defendants point out that alleged injuries in this case and others like it customarily include heart damage, heart valve and lung problems and neutrotoxicity  In addition, Plaintiffs in this case allege mental and physical pain, stress, anguish, loss of earnings and other past and future damages. Relief in similar cases, according to Defendants, has usually included payment for lifetime care, charges for outpatient care, long-term medication and diagnostic services and extended treatment for progressive valvular disease, hypertension and mitral regurgitation.

Plaintiffs state next to nothing to counter Defendants' statements and only generally deny that each Plaintiff's damages exceed $75,000. Placing the two discussions side by side, Defendants clearly present the more detailed and persuasive position; and I find from what Defendants present and what Plaintiffs do not that issues of amount in controversy are easily decided as Defendants state them to be. It is clearly conceivable and highly likely that each Plaintiff's damages could exceed $75,000, and the amount in controversy is not put at issue by what Plaintiffs present.

With regard to diversity of citizenship, Defendant AHP contends that complete diversity exists because Dr.Saltz is not a real or proper party. Defendant argues: (a) Dr. Saltz was fraudulently joined in an attempt to defeat federal jurisdiction; (b) because he is not a proper defendant, his presence in the case must be disregarded when determining diversity; (c) Plaintiffs have abandoned all claims against Dr. Saltz; (d) Plaintiffs' abandonment of their claims against Dr. Saltz has only recently made his fraudulent joinder apparent; and (e) only in April did a right to removal become known.

Defendants state more than once that at the time of their Notice of Removal, Dr. Saltz had

not been served with process. Plaintiffs have filed a return of service dated May 24, 2000, and Dr.Saltz filed an Answer on June 1. Whatever the facts in this regard, I do not find them necessary to a decision on the motion to remand. I do not consider the date of service significant one way or the other to deciding essential issues pertaining to whether Dr.Saltz was joined fraudulently, whether Plaintiff's state a colorable claim for relief against Dr.Saltz, and whether the Notice of Removal is timely.

Apart from when Plaintiffs served Dr. Saltz, Defendants insist they became aware of the fraudulent joinder and Plaintiffs' abandonment of claims against Dr. Saltz only as of April 13, 2000, and that a Notice of Removal was filed within 30 days thereafter. Defendants argue that Plaintiffs "expressed their intent to abandon their claim(s) against Dr. Saltz as demonstrated by a series of events in April 2000." These events include a conference with the state district judge presiding in the case, statements of Plaintiffs' counsel at that time (quoted in Defendants' Notice of Removal), and counsels' telephone conference afterward. Defendants describe the telephone conversation among counsel as an agreement proposed by Plaintiffs' counsel that, if Dr. Saltz would forego his peremptory right (pursuant to state law) to excuse the state judge then presiding in the case, Plaintiffs would allow Dr. Saltz to prevail on a motion for summary judgment, by failing to designate a standard-of-care expert. In this way Plaintiffs could  "provide Dr. Saltz with an easy and certain avenue of escape."  This "deal," Defendants claim in the Notice of Removal, "demonstrates that Plaintiffs have no intent to prosecute any claims against Dr. Saltz in good faith, nor do they have a legitimate grievance against him.. . . Plaintiffs named Dr. Saltz solely to defeat Petitioning Defendant's statutory right of removal." Thus, the essential premise of the Notice of Removal is Defendants' contention that Plaintiffs have very recently acted so as to

6

"clearly and unequivocally demonstrate" they intend to abandon all claims against Dr. Saltz. This premise, if true, establishes both timeliness and complete diversity.

Legal Standards Applied

Removal jurisdiction is statutory and therefore strictly construed. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941); Fajen v. Foundation Reserve Ins.Co., Inc., 683 F.2d 331, 333 (10th Cir. 1982). The parties invoking federal jurisdiction have the burden of establishing its propriety. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921). Doubts are to be resolved in favor of remand. Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995), *cert. denied* 516 U.S. 83 (1995).

Removal pursuant to 28 U.S.C. sec. 1332 requires in excess of $75,000 in controversy, exclusive of interest and costs. This amount is normally determined from allegations in the complaint; Id.; but it need not be determined with certainty. Miera v. Dairyland Ins.Co., 143 F.3d 1337, 1340 (10th Cir. 1998). Where the amount in controversy cannot be determined from the Plaintiffs' complaint, a district court may refer to allegations in the Notice of Removal. Laughlin v. Kmart Corp., supra.

In determining whether all parties are diverse in citizenship, nominal or formal parties are disregarded. Smoot v. Chicago, Rock Island and Pacific, supra. Jurisdiction is based solely on the citizenship of real and proper parties. Id. Where it appears a party has been fraudulently joined merely to defeat federal jurisdiction, a court must disregard the citizenship of that party. Id.

a. Fraudulently Joined Defendants

The burden of establishing a party has been fraudulently joined is a heavy one, and

7

the removing party must prove there has been outright fraud in a plaintiff's representations as to jurisdictional facts or that there exists no possibility the plaintiff would be able to establish a cause of action against the resident defendant in state court. Id. A court must resolve all disputes of fact or uncertain legal issues in favor of the plaintiff; and if there is any possibility that a state law cause of action exists against the resident defendant, a federal court must conclude that joinder was proper. Id. Only where the claims are without factual basis and a complete sham is a finding of fraudulent joinder justified. Id.

Fraudulent joinder must be demonstrated with particularity and certainty; it cannot be inferred. McLeod v. Cities Service Gas Co., 233 F.2d 242, 246 (10th Cir. 1956). A defendant is fraudulently joined when a plaintiff has not stated a claim for relief against the party or does not intend to secure a judgment against the party. 14B Wright & Miller, Fed. Prac.& Proc., 3d ed., sec. 3723 (1998). To show fraudulent joinder, parties may utilize evidence outside the initial pleadings. Smoot v. Chicago, Rock Island & Pacific, supra.; Dodd v. Fawcett Publications, Inc., 329 F.2d 82, 85 (10th Cir. 1964). There need be, however, only a possibility that a legal right to relief exists in order to defeat the assertion that a defendant has been joined fraudulently, and all ambiguities must be resolved in favor of a proper joinder. Id. A federal court does not "pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." Id.

### B. Timely Removal

Generally, only a "paper" filed in the case which unequivocally reveals on its face a change in the plaintiffs' position constitutes evidence of a voluntary action, such as a dismissal,

that opens the door to federal jurisdiction and removal. <u>Chapman v. Powermatic, Inc.</u>, 969 F.2d 160, 163 (5th Cir.1992). A voluntary abandonment of claims against a non-diverse defendant is an act sufficient to create federal jurisdiction, but the plaintiff's intent to abandon must be demonstrated by a definitive and unequivocal statement.

Claim Against Dr. James Saltz

In their Complaint Plaintiffs allege only one cause of action against Dr. Saltz and that is negligent misrepresentation. To prevail on this claim in New Mexico, Plaintiffs must prove that (1) the defendant made a material misrepresentation of fact; (2) a plaintiff relied on the misrepresentation; (3) defendant was made the representation recklessly or at a time the defendant knew the representation to be false; and (4) defendant intended to induce the plaintiff to rely on the representation. <u>Parker v. E.I.DuPont De NeMours & Co., Inc.</u>, 121 N.M. 120, 909 P.2d 1 (Ct. App.1995). A defendant in New Mexico may be found liable for negligent misrepresentation if a statement is simply misleading; . . . negligent misrepresentation only requires a failure to exercise ordinary care in obtaining or communicating the statement." <u>Eckhardt v. Charter Hospital of Albuquerque</u>, 124 N.M. 549, 953 P.2d 722 (Ct.App.1997)

Obviously, it cannot be said, by the nature of the cause of action, that no claim could exist or that no cause of action is stated. The prima facie case of negligent misrepresentation is not so difficult or obscure. It is conceivable that Plaintiffs have a statement or representation of fact to place at issue and Defendants do not allege otherwise. How vigorously Plaintiffs intend to pursue the claim, of course, is another question, and one that cannot be decided here or on the basis of subjective interpretation of oral statements out of court and off the record.

While Defendants' facts are certainly deserving of attention and the issues Defendants

9

raise are legitimate and reasonable under the circumstances, I cannot find from what Defendants present that the high legal standards for demonstrating fraudulent joinder or abandonment are met. I certainly cannot find from what is before me that Dr. Saltz was fraudulently joined. Neither can I find that Plaintiffs' intention to abandon the case against him is clear and unequivocal.

The facts present ample doubt. Considering Plaintiffs' denials and contradictions, I cannot fairly conclude from what Defendants present or from the context in which it arises that Defendants' characterization of the facts is certainly and completely accurate, that the referenced statements of Plaintiffs' counsel truly or accurately reflect his or Plaintiffs' intentions, or that, if accurate, Plaintiffs' counsel would not have changed his mind at a later time. While all these questions are material to whether or not Plaintiffs have abandoned or intend to abandon their case against Dr. Saltz, none are susceptible to determination here; and given that the law requires all doubt be resolved in favor of Plaintiffs and remand, Defendants simply do not have enough to establish as a matter of law that Dr. Saltz must be disregarded as a party. Thus, while Defendants may be correct that Plaintiffs have not had or do not presently hold a real intention to obtain a judgment against Dr. Saltz, Defendants lack sufficient factual evidence to establish this position on the record, and any conclusions I might come to resulting in disregard of Dr. Saltz as a real and substantial party would be unwarranted.

### Conclusions

Therefore I conclude that removal is not available. This is not a case in which a federal district court would have had original subject matter jurisdiction pursuant to 28 U.S.C. sec.1332. I find the case meets the amount in controversy requirement and the attempted removal would be

timely (if statements of Plaintiffs' counsel were legally sufficient to state a clear and unequivocal intention to abandonment the case against Dr. Saltz), but I do not find a fraudulent joinder or abandonment of claims against the resident Defendant. I am left, instead, with the sufficiency of the Complaint, a viable and credible case against Dr. Saltz, and the conclusion that Dr. Saltz is a proper party that cannot be disregarded in order to find complete diversity of citizenship. The nature of the state claim alleged against Dr. Saltz, the high legal standards to establish fraudulent joinder or abandonment, and the uncertain nature of Defendants' allegations that Plaintiffs have abandoned or intend to abandon their case against Dr. Saltz allow only the single conclusion that Defendants fail to establish complete diversity and a right to removal.

Attorney's Fees

Plaintiffs request for an award of attorney's fees is denied. Defendants have filed a well-presented and well-reasoned analysis of the situation. They have accurately cited applicable law and fairly stated legitimate concerns. The question of Plaintiffs' intentions with regard to their case against Dr. Saltz is deserving of examination and the result close enough to make an attempt at removal reasonable. An award of fees might discourage similarly warranted and reasonable actions in the future and is not justified.

NOW, THEREFORE, IT IS ORDERED that Plaintiffs' Motion to Remand is granted and Plaintiffs' request for attorney's fees is denied..

SENIOR UNITED STATES JUDGE

11